UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-2238 (ESH) |
| SCOTT PRUITT, in his official capacity as Administrator, United States Environmental Protection Agency, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Sierra Club brings this action against the Administrator of the United States Environmental Protection Agency ("EPA") to compel the EPA to respond to two pending petitions, in which plaintiff asks the EPA to object to two operating permits issued under title V of the Clean Air Act, 42 U.S.C. §§ 7661-61f. Before the Court are plaintiff's motion for expedited summary judgment (Pl.'s Mot. for Summary Judgment, ECF No. 8) and defendant's cross-motion for summary judgment on remedy (Def.'s Cross-Motion for Summary Judgment, ECF No. 9). As defendant concedes liability, the only disputed issue is remedy. For the reasons stated herein, the Court will grant plaintiff's motion as to liability and grant defendant's motion as to remedy.

### BACKGROUND

In 1990, Congress enacted title V of the Clean Air Act, establishing a permit program covering the operations of stationary sources of air pollution. State permitting authorities must submit any proposed title V permits to EPA for review. 42 U.S.C. § 7661d(a)(1); 40 C.F.R. §

70.8(a)(1).  Upon receipt of a proposed permit, the EPA has 45 days to object to the final issuance of that permit if it "determine[s]" that the proposed permit "contains provisions that are . . . not in compliance" with "applicable requirements of [the Act]."  42 U.S.C. § 7661d(b)(1); *see* 40 C.F.R. § 70.8(c).  If EPA does not object, "any person may petition the Administrator" to do so within 60 days after the expiration of the 45-day period.  42 U.S.C. § 7661d(b)(2); *see also* 40 C.F.R. § 70.8(d).  The Administrator is required to "grant or deny such petition within 60 days after the petition is filed."  42 U.S.C. § 7661d(b)(2).

This case concerns title V operating permits for two coal-fired plants operated by Duke Energy Progress, LLC, in North Carolina – the Asheville Steam Electric Plant and Roxboro Steam Electric Plant.  (Pl.'s Statement of Material Facts ¶¶ 1-16, ECF No. 8-2 ("Pl.'s Facts").)  A proposed title V permit for the Asheville Plant was submitted to the EPA for review on April 15, 2016, and the EPA's forty-five day review period expired on May 30, 2016.  (Pl.'s Facts ¶ 4.)  A proposed title V permit for the Roxbury Plant was submitted to the EPA for review on April 4, 2016, and the EPA's forty-five day review period expired on May 19, 2016.  (Pl.'s Facts ¶ 12.)  On June 17, 2016, plaintiff filed with the EPA a petition to object to the issuance of the Asheville permit, and on June 23, 2016, it filed a petition to object to the issuance of the Roxbury permit (collectively the "Duke Energy Petitions").  (*Id*. ¶¶ 5, 13.)  In both petitions, plaintiff contended that the proposed permit failed to impose conditions that ensured compliance with all applicable requirements under the Clean Air Act.  (*Id*. ¶¶ 6, 14.)   The EPA Administrator failed to respond to either petition within sixty days of its filing.  See 42 U.S.C. § 7661d(b)(2).

On August 25, 2016, plaintiff notified the EPA of its intent to file a citizen suit against the EPA, *see* 42 U.S.C. § 7604(a), to compel responses to the Duke Energy Petitions.  (Pl.'s Facts ¶¶ 8, 16.)  On November 10, 2016, plaintiff filed the above-captioned case.  (Compl., ECF

No. 1.) On December 9, 2016, plaintiff filed a motion for expedited summary judgment, asking the Court to order the EPA to respond to the Duke Energy Petitions within thirty days of the Court's ruling on the motion for summary judgment. (Pl.'s Mot. at 1-2.) On January 9, 2017, the EPA filed a cross-motion for summary judgment on remedy, conceding liability – that it failed to perform its non-discretionary duty to respond to the Duke Energy Petitions within sixty days – but asking the Court to give the EPA until June 30, 2017, to respond to the Duke Energy Petitions. (Def.s' Cross-Mot at 1.) To date, the EPA has not responded to either petition.

## ANALYSIS

"When EPA has failed to discharge a nondiscretionary duty under the Clean Air Act, a district court has jurisdiction to compel the Administrator to fulfill it." *Sierra Club v. Johnson*, 444 F.Supp.2d 46, 52-53 (2006). "A court appropriately may decline to impose an immediate deadline, however, and may afford an agency additional time for compliance, 'where it is convinced by the official involved that he has in good faith employed the utmost diligence in discharging his statutory responsibilities.'" *Id*. (quoting *Nat'l Resources Defense Council v. Train*, 510 F.2d 692, 713 (2d Cir. 1974)).

Plaintiff's position is that the EPA should be ordered to respond within 30 days of this Court's order on the motion for summary judgment; defendant's position is that the EPA should be ordered to respond by June 30, 2017. The EPA has submitted an affidavit from Anne Marie Woods, the Director of the Air Quality Policy Division (AQPD) within the Office of Air Quality Planning and Standards (OAQPS), giving her opinion that the EPA will need until June 30, 2017, to properly respond to the Duke Energy Petitions. The EPA's acknowledged inability to come even close to the statutory sixty-day deadline in this, and every other, case is troubling, but the affidavit is sufficiently detailed to support defendant's proposed deadline and to satisfy the Court

that plaintiff's proposed 30-day deadline would be unattainable.  Accordingly, the Court will accept the EPA's proposed deadline of June 30, 2017.  The EPA should, nonetheless, make every effort to respond to the Duke Energy Petitions at the earliest possible date.

## CONCLUSION

The EPA has violated the Clean Air Act by failing to perform its non-discretionary duty to grant or deny the Duke Energy Petitions within the statutorily required 60-day timeframe.  The EPA will be given until June 30, 2017, to remedy these violations.  A separate Order accompanies this Memorandum Opinion.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   March 2, 2017